FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JERRY VAUGHN; THERESA TRAVERS,
        *Plaintiffs-Appellants,*

v.

BAY ENVIRONMENTAL MANAGEMENT,
INC.; PINA J. BARBIERI; CAESAR
NUTI; DENNIS VARNI; FSC
SECURITIES CORPORATION; JERROLD
N. WEINBERG,
        *Defendants-Appellees.*

No. 05-17100

D.C. No.
CV-03-05725-MJJ

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Northern District of California
Martin J. Jenkins, District Judge, Presiding

Argued and Submitted
May 12, 2008—San Francisco, California

Filed September 19, 2008
Amended June 4, 2009

Before: Betty B. Fletcher and Pamela Ann Rymer,
Circuit Judges, and Kevin Thomas Duffy,*
Senior District Judge.

Opinion by Judge B. Fletcher

*The Honorable Kevin Thomas Duffy, Senior United States District
Judge for the Southern District of New York, sitting by designation.

## COUNSEL

Teresa S. Renaker, Lewis Feinberg Lee Renaker & Jackson, P.C., Oakland, California, for the plaintiffs-appellants.

Nicole A. Diller (argued), D. Ward Kallstrom, Andrew C. Sullivan, Morgan Lewis & Bockius, LLP, San Francisco, California, for defendants-appellees Bay Environmental Inc., Caesar Nuti, and Dennis Varni.

Bernard Gehlhar (argued), James D. Boughey, Reina G. Minoya, Wilson Elser Moskowitz Edelman & Dicker, LLP, San Francisco, California, for defendants-appellees FSC Securities Corp. and Jerrold N. Weinberg.

Elizabeth Hopkins, U.S. Dep't of Labor, Washington, D.C., as amicus curiae supporting plaintiffs-appellants.

## ORDER

The opinion filed on September 19, 2008 and appearing at 544 F.3d 1008 (9th Cir. 2008), is amended as follows. At 544 F.3d 1010, delete the paragraph in Section II and substitute the following paragraph in its stead:

> Although the district court dismissed the case for lack of subject matter jurisdiction, a dismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim rather than a dismissal for lack of subject matter jurisdiction. *See Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1221-22 (11th Cir. 2008) (clarifying that statutory standing under ERISA is a question of merits rather than subject matter jurisdiction); *Harzewski v. Guidant Corp.*, 489 F.3d 799, 803-04 (7th Cir. 2007) (same). Because we review dismissals under both Rule 12(b)(1) and Rule 12(b)(6) *de novo*, *see Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007), the district court's error does not affect the result in this case. We accept all facts alleged in the First Amended Complaint as true. *See id.*; *see also*

> *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 553 U.S. ___, 128 S. Ct. 1020, 1024 (2008) ("As the case comes to us we must assume that respondents breached fiduciary obligations defined in [ERISA] § 409(a), and that those breaches had an adverse impact on the value of the plan assets in petitioner's individual account.").

The mandate shall issue forthwith.

---

## OPINION

B. FLETCHER, Circuit Judge:

This case requires us to consider whether a former employee who has received a full distribution of his or her account balance under a defined contribution pension plan has standing as a plan participant to file suit under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., to recover losses occasioned by a breach of fiduciary duty that allegedly reduced the amount of his or her benefits. We join the First, Third, Fourth, Sixth, Seventh, and Eleventh Circuits, and hold that these former employees have standing to bring their claims.[1] Accordingly, we vacate the district court order dismissing the action for lack of subject matter jurisdiction, and remand for further proceedings.

## I

Jerry Vaughn and Theresa Travers ("Vaughn") are former

---

[1]*See Lanfear v. Home Depot, Inc.*, ___ F.3d ___, No. 07-14362, 2008 WL 2916390 (11th Cir. July 31, 2008); *Evans v. Akers*, 534 F.3d 65 (1st Cir. 2008); *In re Mutual Funds Inv. Litig.*, 529 F.3d 207 (4th Cir. 2008); *Bridges v. Am. Elec. Power Co.*, 498 F.3d 442 (6th Cir. 2007); *Graden v. Conexant Sys. Inc.*, 496 F.3d 291 (3d Cir. 2007); *Harzewski v. Guidant Corp.*, 489 F.3d 799 (7th Cir. 2007).

employees of Bay Environmental Management Inc. ("Bay Environmental") who participated in two types of ERISA-governed retirement plans offered by the company ("Plans"). The first, referred to as the "Pension Plan," was funded solely by the discretionary contributions of Bay Environmental. The second, known as the "Retirement Plan," consisted of both a profit-sharing component and a 401(k) component. Both Plans were individual account plans, also known as defined contribution plans.[2] All Plan investments were chosen by the Plan trustees and investment advisors except for the 401(k) component of the Retirement Plan, which was directed by the Plan participants.

In 2000 or early 2001, Republic Services, Inc. purchased Richmond Sanitary Services, Inc. ("RSS"), of which Bay Environmental was an affiliate. At around this same time, the Trustees of the Plans voted to terminate the Plans. On or about April 13, 2001, Bay Environmental notified its employees that the Plans would be terminated effective April 30, 2001. In August 2001, the Trustees transferred all non-participant-directed plan assets to money market funds. Subsequently, in the year 2002, Plan participants received a lump-sum distribution of the value of their individual accounts.

On December 18, 2003, Vaughn filed suit on behalf of himself and all similarly-situated individuals.[3] He named Bay Environmental and the Plans' Trustees as defendants, alleging that Defendants breached their fiduciary duties by investing

---

[2]Defined contribution plans "provide[ ] for an individual account for each participant and for benefits based solely upon the amount contributed to the participant's account, and any income, expenses, gains and losses . . . which may be allocated to such participant's account." ERISA § 3(34), 29 U.S.C. § 1002(34). Because the benefits received under a defined contribution plan are determined in part by the rate of return on investments made by the plan, a plan's chosen investments can have a substantial impact on the account balance.

[3]The district court never considered Vaughn's motion for class certification because it held that he did not have standing to bring the suit.

the Plans' assets imprudently. Specifically, Vaughn alleged that Defendants knew or should have known that the purchase of Bay Environmental by RSS would likely result in the termination of the Plans and that Defendants should have transferred the non-participant-directed plan assets to money market funds sooner in light of the Plans' shortened investment horizon. Vaughn sought relief in the form of a declaration that Defendants had breached their fiduciary duties, a preliminary injunction prohibiting distribution of the individual Defendants' Plan accounts, and the establishment of a successor trust for benefits owed to the Plans, benefits to be paid by the Defendants.

On March 14, 2005, after the parties failed to mediate the dispute, Vaughn filed his First Amended Complaint, adding the Plans' investment advisors, FSC Corporation and Jerrold N. Weinberg ("FSC Defendants"), as defendants.[4] Vaughn also added a second claim for relief alleging that Bay Environmental further breached its fiduciary duties by failing to conduct an adequate investigation before selecting the investment advisors or to monitor the performance of the Plans' investments and investment advisors.

On July 22, 2005, the FSC Defendants filed a motion to dismiss for lack of subject matter jurisdiction arguing that Vaughn lacked statutory standing under ERISA. Specifically, they claimed that Vaughn failed to allege sufficient facts to bring him within ERISA's definition of "participant." *See* 29 U.S.C. § 1002(7) (defining "participant" as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . or whose beneficiaries may become eligible to receive any such benefit").

---

[4]Subsequent references to "Defendants" include both the original defendants and the FSC Defendants.

The district court granted the FSC Defendants' motion to dismiss on September 26, 2005. The court concluded that Vaughn was not a participant because he had received a lump-sum distribution of his individual account balance and was therefore not entitled to additional benefits under the plan. Vaughn timely appealed.[5]

## II

Although the district court dismissed the case for lack of subject matter jurisdiction, a dismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim rather than a dismissal for lack of subject matter jurisdiction. *See Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1221-22 (11th Cir. 2008) (clarifying that statutory standing under ERISA is a question of merits rather than subject matter jurisdiction); *Harzewski v. Guidant Corp.*, 489 F.3d 799, 803-04 (7th Cir. 2007) (same). Because we review dismissals under both Rule 12(b)(1) and Rule 12(b)(6) *de novo*, *see Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007), the district court's error does not affect the result in this case. We accept all facts alleged in the First Amended Complaint as true. *See id.*; *see also LaRue v. DeWolff, Boberg & Assocs., Inc.*, 553 U.S. ___, 128 S. Ct. 1020, 1024 (2008) ("As the case comes to us we must assume that respondents breached fiduciary obligations defined in [ERISA] § 409(a), and that those breaches had an adverse impact on the value of the plan assets in petitioner's individual account.").

## III

**[1]** ERISA § 404(a) imposes a "[p]rudent man standard of care" on plan fiduciaries. 29 U.S.C. § 1104(a). This standard requires that the fiduciary discharge her duties "with the care, skill, prudence, and diligence under the circumstances then

---

[5]On appeal, the Secretary of Labor appeared as amicus curiae in support of Vaughn.

prevailing [of] a prudent man acting in like capacity . . . ." 29 U.S.C. § 1104(a)(1)(B). It also requires the fiduciary to "diversify[ ] the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so." 29 U.S.C. § 1104(a)(1)(C). A plan fiduciary who breaches her fiduciary duties "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach." ERISA § 409(a), 29 U.S.C. § 1109(a).

**[2]** ERISA § 502 provides for a civil action by a plan participant "for appropriate relief" for a breach of fiduciary duty. 29 U.S.C. § 1132(a)(2). Under the statute, " 'participant' means any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . ." 29 U.S.C. § 1002(7). The Supreme Court has interpreted this section as conferring standing on former employees who "have a reasonable expectation of returning to covered employment or . . . a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989) (original alterations and quotation omitted). In contrast, former employees do not have standing if a successful suit would result in a damage award that was not for benefits due under the plan. *Kuntz v. Reese*, 785 F.2d 1410, 1411 (9th Cir. 1986) (per curiam) ("*Kuntz II*"); *see also Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985) (holding that ERISA § 409(a) does "not provide . . . a cause of action for extra-contractual damages caused by improper or untimely processing of benefit claims").

**[3]** In concluding that Vaughn lacked standing, the district court first rejected his argument that *Kuntz* did not apply because Bay Environmental's Plans were defined contribution plans, whereas the plan in *Kuntz* was a defined benefit plan. In so doing, the district court noted that the Ninth Circuit has not distinguished between the two types of plans and that two district courts have applied *Kuntz* to defined contribution

plans. The court also noted that Vaughn's claim was not for an ascertainable amount of improperly calculated benefits, but rather alleged imprecise financial losses due to imprudent investment, and concluded that neither of the recognized exceptions to *Kuntz* applied because Vaughn did not allege self-dealing and the case did not involve an annuity. The court thus concluded that under *Kuntz*, former employees who have received a lump sum distribution of their individual accounts are seeking damages for breach of fiduciary duty, not vested benefits, and do not have standing as participants under ERISA.

**[4]** Contrary to the district court's order, *Kuntz* does not control this case. The *Kuntz* plaintiffs sued their former employer for breach of fiduciary duty alleging that the employer had misrepresented the benefits that would be paid under a defined benefit plan. *Kuntz v. Reese*, 760 F.2d 926, 929 (9th Cir. 1985) ("*Kuntz I*"), *vacated by Kuntz II*, 785 F.2d 1410. On rehearing, we held that the *Kuntz* plaintiffs were not "participants" within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7), because "if successful, [their] claim would result in a damage award, not an increase of vested benefits." 785 F.2d at 1411. Importantly, the *Kuntz* plaintiffs conceded that they had received all of the benefits due to them under the plan. They alleged only that they would not have participated in the plan but-for the defendant's misrepresentations about the amount of benefits they would receive. *Kuntz I*, 760 F.2d at 929.

**[5]** In contrast, Vaughn alleges that he has not received all of the benefits due to him under the Plans. Although he received a lump-sum distribution of the value of his individual accounts, he claims that he did not receive a "full" distribution because his accounts contained less than they would have if the fiduciaries had not breached their duty of prudent investment. Because Vaughn alleges that he did not receive everything that was due to him under the Plan, he has stand-

ing, even under *Kuntz*.[6] *See Kuntz II*, 785 F.2d at 1411 (quoting *Joseph v. New Orleans Elec. Pension & Ret. Plan*, 754 F.2d 628, 630 (5th Cir. 1985) (holding that "retirees who have accepted the payment of *everything* due them in a lump sum" do not have standing (emphasis added))); *see also LaRue*, 128 S. Ct. at 1024 (distinguishing LaRue's claim from that of the plaintiff in *Russell* because the latter "received all of the benefits to which she was contractually entitled"); *Harzewski v. Guidant Corp.*, 489 F.3d 799, 806 (7th Cir. 2007) (noting that the *Kuntz* plaintiffs "were not suing to enforce any entitlement created by the plan" and that the result might have been different if the *Kuntz* plaintiffs had argued that the representations were the plan).

**[6]** The district court also erred by denying Vaughn standing on the basis that his claim is not for an ascertainable amount of improperly computed benefits. The requirement that a claim be to correct a miscomputation of benefits comes from *Kuntz*, a defined benefit plan case. *See* 785 F.2d at 1411. Under a defined benefit plan, benefits are determined by applying a "formula that takes into account factors such as final salary and years of service with the employer." *Pension Benefit Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 637 n.1 (1990) (citing 29 U.S.C. § 1321). Thus, a plan fiduciary could improperly compute benefits by not applying the correct formula or using incorrect values. In contrast, there is no formula involved in calculating benefits under a defined contribution plan—the benefits payable are determined by the "amount contributed to the participant's account, and any income, expenses, gains and losses, and any forfeitures of accounts of other participants which may be allocated to such partici-

---

[6]Plaintiffs argue that *Kuntz* should not apply in cases involving defined contribution plans. We decline to decide that question because *Kuntz* does not affect Plaintiffs' standing in this case. We note, however, that the Supreme Court has recently directed that cases involving defined benefit plans are not necessarily controlling in cases involving defined contribution plans. *See LaRue*, 128 S. Ct. at 1025.

pant's account." 29 U.S.C. § 1002(34). Because there is no formula involved in determining the benefits due under a defined contribution plan, *Kuntz*'s requirement that a claim be to correct for an miscomputation of benefits is inapplicable.

**[7]** Moreover, we have never required that the claim be for an "ascertainable amount."[7] We decline to determine whether we should apply such a requirement, because in this case, the amount sought is ascertainable, despite the fact that it is not readily apparent on the face of the First Amended Complaint. Vaughn seeks the difference between the benefit he received and what he would have received if the Plans' assets had been prudently invested. This amount is ascertainable through expert testimony or other evidence regarding investment returns during the relevant period. *See Graden*, 496 F.3d at 301; *cf. Cal. Ironworkers Field Pension Trust v. Loomis Sayles & Co.*, 259 F.3d 1036, 1046-47 (9th Cir. 2001) (upholding district court's decision to rely on a "benchmark yield as an approximation of what the improperly invested funds would have earned if properly invested").

**[8]** Finally, we turn to the district court's conclusion that the recognized exceptions to *Kuntz* are inapplicable to this case. While the district court was correct that *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449 (9th Cir. 1995), is inapplicable because it dealt with a statutory exception not at issue here, the district court erred in distinguishing *Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Murdock*, 861 F.2d 1406 (9th Cir. 1988). Although Vaughn does not allege self-dealing, the reasoning of *Murdock* supports the conclusion that Vaughn has standing to bring this suit. In *Murdock* we held that the plaintiffs had standing despite the fact that they had received all of their actuarially vested benefits under an

---

[7]This requirement comes from two Fifth Circuit cases, *Yancy v. Am. Petrofina, Inc.*, 768 F.2d 707 (5th Cir. 1985), and *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345 (5th Cir. 1989).

ERISA employee benefit plan. In support of our holding we noted that the *Murdock* plaintiffs, unlike those in *Kuntz*, sought equitable relief. *Murdock*, 861 F.2d at 1411. Next, we reasoned that "granting plaintiffs standing to seek a constructive trust remedy . . . is the only means available to give effect to the goals of ERISA," including the "overriding goal[ ] of . . . prevent[ing] the misuse and mismanagement of plan assets by fiduciaries." *Id.* (citing *Russell*, 473 U.S. at 140-43 & n.8). One way in which Congress sought to achieve that goal was to impose a statutory duty of loyalty on plan fiduciaries. *See id.* at 1416 (distinguishing this core duty from the regulatory requirement at issue in *Kuntz*). We reasoned that these considerations counseled in favor of permitting the establishment of a constructive trust in which the ill-gotten profits would be deposited. We directed that the contents of the trust should be considered "equitably vested benefits" and "the plan should be viewed as continuing to exist for the purpose of distributing the equitably vested benefits." *Id.* at 1419. Accordingly, we held that plaintiffs had standing under ERISA. *Id.*

**[9]** Like the plaintiffs in *Murdock*, Vaughn seeks an equitable remedy, the establishment of a trust for benefits owing to the Plan participants. More importantly, his claim is based on an allegation that the Plans' fiduciaries mismanaged the Plans' assets and, in so doing, breached their statutorily-imposed fiduciary duties. In this sense, Vaughn's claim is similar to that of the *Murdock* plaintiffs and *Murdock*'s rationale—that ERISA's goals can be effectuated only if plaintiffs have standing—applies.

**[10]** Our holding that Vaughn has standing is consistent with that of every Circuit Court of Appeals to have considered the issue to date.[8] The leading case on this issue is the Seventh

---

[8]All of these cases were decided after the district court issued its order in the present case. The district court made its decision without the benefit of these appellate courts' reasoning.

Circuit case *Harzewski v. Guidant Corp.* The *Harzewski* plaintiffs were former employees who had cashed out their individual accounts under a defined contribution plan. 489 F.3d at 801. They brought suit for breach of fiduciary duty, alleging that the pension plan fiduciaries acted imprudently by not disposing of certain stock that the fiduciaries knew was overvalued as a result of fraud by the company's management. *See id.* at 807. The district court dismissed the complaint for lack of standing, concluding that the plaintiffs were not participants because they had already received the full benefit available to them under the plan. *Id.* at 801.

The Seventh Circuit reversed, reasoning that if the plan documents, in conjunction with the statutory requirements of ERISA, entitle the former employee to the relief sought, the suit is for benefits and the plaintiff has standing. *Id.* at 804. A plaintiff seeking extra-contractual damages, on the other hand, does not have standing. *Id.* Noting that "[t]he benefit in a defined-contribution pension plan is . . . whatever is in the retirement account when the employee retires or *whatever would have been there had the plan honored the employee's entitlement*, which includes an entitlement to prudent management," the Seventh Circuit concluded that a lawsuit to recover benefits lost as a result of plan mismanagement was a suit for benefits and not for damages. *Id.* at 804-05.

Since *Harzewski* was decided, five other circuits have held that former employees who have cashed out their individual accounts but allege that they are entitled to additional benefits as a result of a breach of fiduciary duty have standing as "participants" under ERISA, *see* footnote 1 *supra*, and the Supreme Court has cited the Seventh Circuit case with approval, *see LaRue*, 128 S. Ct. at 1026 n.6.[9] This subsequent

---

[9]*LaRue* does not control the outcome of this case because it did not address the meaning of "participant" or the distinction between benefits and damages. It is nevertheless helpful in several respects. First, it establishes that precedent from cases involving defined benefit plans is not

activity further persuades us that our holding is correct. Nevertheless, we briefly address Defendants' additional arguments in support of their position that Vaughn is not a "participant" within the meaning of ERISA.

[11] First, the fact that Vaughn did not assert a claim for benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), is not an admission that his claim is not for benefits. That provision provides that "[a] civil action may be brought . . . by a participant . . . to recover benefits due to him under the terms of his plan . . . ." *Id.* However, whereas claims under ERISA § 502(a)(2) can be brought against any fiduciary, "the defendant [in an action brought under § 502(a)(1)(B)] is the plan itself (or plan administrators in their official capacities only)." *Graden*, 496 F.3d at 301 (citation omitted); *accord Everhart v. Allmerica Fin. Life Ins. Co.*, 275 F.3d 751, 754 (9th Cir. 2001) (citations omitted). In this case, the Plans no longer exist and the allegedly imprudent

automatically applicable in cases involving defined contribution plans. *See LaRue*, 128 S. Ct. at 1025. Second, it specifically distinguished LaRue's claim from that of the *Russell* plaintiff because the latter "received all of the benefits to which she was contractually entitled." *Id.* at 1024. Third, the Court rejected the employer's argument that the distribution rendered the case moot and cited *Harzewski* for the proposition that a "plan 'participant,' as defined by § 3(7) of ERISA, 29 U.S.C. § 1002(7), may include a former employee with a colorable claim for benefits." *Id.* at 1026 n.6. It follows from the conclusion that LaRue's claim is not moot that he has standing as a former employee with a colorable claim for benefits. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) ("[M]ootness [is] the 'doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).' " (quoting Henry Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973))). However, because this statement is found in a footnote and the Court stated that the "withdrawal of funds from the Plan may have relevance to the proceedings on remand" without indicating what that relevance might be, we decline to read *LaRue* as dispositive on the question of standing. *But see In re Mutual Fund Inv. Litig.*, 529 F.3d at 215 (treating *LaRue* as controlling).

investments were the result of actions by the trustees and investment advisors, not the plan administrator. As a result, Vaughn could not have brought an action under § 502(a)(1)(B) because the proper defendants could not have been named under that subsection.

**[12]** Second, ERISA's definition of "accrued benefit" does not defeat Vaughn's claim. Vaughn does not deny that he received his "accrued benefit," defined as "the balance of the individual's account." 29 U.S.C. § 1002(23)(B). He argues, however, that as a result of the fiduciary breach, the accrued benefit was not the full benefit due. Accordingly, the definition of "accrued benefit" is irrelevant to the disposition of this case.

**[13]** Third, Defendants' reliance on the Department of Labor's regulation, 29 C.F.R. § 2510.3-3(d)(2)(ii)(B), is misplaced.[10] The regulation's purpose is to clarify whether a plan is subject to ERISA. It does not purport to provide an all-purpose definition of "participant." *See Gilbert v. Alta Health & Life Ins. Co.*, 276 F.3d 1292, 1303 (11th Cir. 2001) (noting that the regulation "does not speak to the . . . issue of who may or may not be a . . . participant of a plan once it is deemed an ERISA plan"). Accordingly, "this regulation has no relevance to the issue at hand." *Id.*

**[14]** Fourth, *Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993), and *Ariz. State Carpenters Pension Trust Fund v. Citibank*, 125 F.3d 715 (9th Cir. 1997), do not stand for the proposition that payments by a fiduciary to a plan under ERISA § 409 cannot constitute benefits. Although both opinions use the word "damages" to describe the award sought, neither

---

[10]The regulation states that "[a]n individual is not a participant covered under an employee pension plan . . . if . . . [t]he individual has received from the plan a lump-sum distribution . . . of cash or other property which represents the balance of his or her credit under the plan." 29 C.F.R. § 2510.3-3(d)(2)(ii)(B).

case considered the distinction between benefits and damages. Accordingly, these cases are irrelevant to the one at hand. *See Sommers Drug Stores*, 883 F.2d at 349 (noting that although "benefits" and "damages" are mutually exclusive for purposes of determining whether a former employee is a participant in an ERISA plan, the terms have overlapping meaning).

[15] Fifth, we reject Defendants' contention that even if Vaughn's claim were for benefits, it would not be for vested benefits. It is true that the Supreme Court in *Firestone* required that former employees "have a colorable claim to *vested* benefits." 489 U.S. at 117 (emphasis added and quotation omitted). But we agree with the Seventh Circuit that "in context[,] it is apparent that all the Court meant was that the former employee had to have an entitlement—had to show that had it not been for the trustees' breach of their fiduciary duty he would have been entitled to greater benefits than he received." *Harzewski*, 489 F.3d at 806. Under this reading, money not in the account at the time of distribution is still a "vested benefit" if the plaintiff is entitled to it.

[16] Finally, we reject Defendants' suggestion that the terms of the Retirement Plan preclude Vaughn's claim.[11] The Plan summary outlines two situations that might have an effect on the contributions made to an account or to an individual's further participation in the Plans. Defendants rely on the section stating that if an individual's employment is terminated, she "will receive no further benefits." This provision is not applicable, however, because the distributions resulted from the termination of the Plans, not from the termination of employment. Accordingly, this case is governed by the section providing that "[i]f the Plan is terminated, then plan contributions will stop, and you will receive a total distribution of your account." As we have previously explained, Vaughn does not deny that he received a total distribution of his

---

[11]Defendants only make this argument with respect to the Retirement Plan, but the relevant language also appears in the Pension Plan summary.

account. Accordingly, the Retirement Plan summary is inapposite because it does not address cases, such as this one, where the former employee alleges that his total distribution did not reflect the full benefit to which he is entitled.

Having considered and rejected each of Defendants' arguments, we hold that former employees who have received a full distribution of their account balances under a defined contribution pension plan have standing as plan participants under ERISA to recover losses occasioned by a breach of fiduciary duty that allegedly reduced the amount of their benefits. In addition to maintaining consistency among the circuits, this holding is necessary in order to give effect to one of the primary goals of ERISA, "prevent[ing] the misuse and mismanagement of plan assets by fiduciaries." *Murdock*, 861 F.2d at 1411 (citing *Russell*, 473 U.S. at 140-43 & n.8). If former employees in Vaughn's situation did not have standing "an employer who had mismanaged individual account plan assets [could] avoid liability by cashing out the participants." *Graden*, 496 F.3d at 302. This could not have been Congress's intention, particularly since "ERISA's legislative history indicates that its standing requirements should be construed broadly to allow employees to enforce their rights." *Id.* (citing *Leuthner v. Blue Cross and Blue Shield of Ne. Penn.*, 454 F.3d 120, 128 (3d Cir. 2006) (citing S. Rep. No. 93-127, at 3 (1974), *reprinted in* 1974 U.S.C.C.A.N. 4639, 4871)).

## IV

The order of the district court is VACATED and the case REINSTATED and REMANDED for further proceedings.