**Kathy BERBERET, Individually and as Personal Representative of the Estate of Steve Berberet, M.D., Plaintiff–Appellant,**

v.

**EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC., a Montana Corporation (EBMS); et al., Defendants–Appellees.**

No. 08–35566.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 7, 2009.*

Filed Aug. 20, 2009.

Torger S. Oaas, Esquire, Lewiston, MT, for Plaintiff–Appellant.

James M. Ragain, Ragain Christensen Fulton & Filz, PLLC, Billings, MT, for Defendants–Appellees.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, NOONAN and BEA, Circuit Judges.

MEMORANDUM **

Kathy Berberet ("Berberet") had standing under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"), to sue on behalf of the estate of Steven Berberet, M.D. ("Dr.Berberet"), seeking reimbursement for health care expenses from Associated Employers of Montana ("AEM"), the sponsor of Dr. Berberet's health insurance plan.

Because Berberet claimed a right to reimbursement for medical expenses incurred while Dr. Berberet was an employee enrolled in AEM's health plan, she had a "colorable claim to accrued or vested benefits under the plan" and thus had standing under ERISA. *See Burrey v. Pacific Gas & Electric Co.*, 159 F.3d 388, 394–95 (9th Cir.1998); *see also Vaughn v. Bay Envtl. Mgmt., Inc.*, 567 F.3d 1021, 1029 (9th Cir.2009) ("[I]t is apparent that all the Court meant [by "vested benefits"] was that the former employee had to have an entitlement . . . to greater benefits than he received.").

Because Berberet had standing under ERISA, the district court correctly denied Berberet's motion to remand.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.