MEMORANDUM *
Plaintiff Mmadi Mlatamou Hassanati, and others, appeal from the district court’s order (1) denying their motion for appointment as personal representatives and, in the alternative, their request for additional time to seek appointment from a California state court; and (2) granting summary judgment in favor of Defendant International Lease Finance Corporation (ILFC). As the parties are familiar with the facts, *622 we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
1. The district court did not err in denying Plaintiffs’ motion for appointment as decedents’ personal representatives. Under the probate exception, federal courts lack jurisdiction over probate matters. See Marshall v. Marshall, 547 U.S. 293, 311-12, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006). The district court correctly determined that appointment of a personal representative falls within the probate exception because it, essentially, seeks that a court issue letters of administration. See In re Marshall, 392 F.3d 1118, 1132-33 (9th Cir.2004), rev’d on other grounds, 547 U.S. 293, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006).
Furthermore, under Federal Rule of Civil Procedure 17(b), one’s capacity to sue is determined “by the law of the state where the court is located,” and under California law, a foreign individual seeking appointment as a personal representative must open probate proceedings. See Smith v. Cimmet, 199 Cal.App.4th 1381, 132 Cal.Rptr.3d 276, 282-83 (2011). Therefore, even if the district court had the authority to appoint Plaintiffs, it correctly denied Plaintiffs’ motion as Plaintiffs did not comply with the requirements for such appointments under California probate law. For example, Plaintiffs’- motion did not contain a copy of the decedents’ wills, the name, age, address, and relation to the decedent of each heir and devisee, or the decedents’ addresses at the time of death, see Cal. Prob.Code § 8002, or an affidavit showing that notice of the potential appointments had been given to interested parties, see id. § 8124.
2. The district court did not abuse its discretion in denying Plaintiffs’ request for additional time to seek appointments as personal representatives in California state court as moot because it concluded that it would not allow Plaintiffs to relate back amendments reflecting such appointments. Under Federal Rule of Civil Procedure 15(c), the district court has discretion to relate back an amendment to a complaint to the filing of the original pleading when, among other things, “the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading.” Additionally, under Federal Rule of Civil Procedure 17(a)(3), a court “may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.” In making this determination courts look at, among other things, whether an “understandable mistake” was made in naming the appropriate party or whether the defendant would be prejudiced by the substitution and amendment. See United States for Use & Benefit of Wulff v. CMA, Inc., 890 F.2d 1070, 1073-75 (9th Cir.1989).
In light of the procedural history in this case, we conclude that Plaintiffs’ close to two-year delay in seeking appointment was unreasonable and not an understandable mistake. In its September 2011 order, the district court made it clear that a court appointment was necessary to bring this action. Despite this clear instruction, counsel for Plaintiffs did not seek appointment until July 2013, after the statute of *623 limitations had expired. Plaintiffs failed, in their briefing and at oral argument, to provide an acceptable explanation for this delay. Counsel for Plaintiffs admitted that a declaration that he signed explaining the delay was “not the basis of the delay” and “not a complete basis or explanation.” Furthermore, giving Plaintiffs additional time would further delay this action, thereby prejudicing Defendant, which has already expended significant resources defending this lawsuit. Moreover, nothing in Rule 15 or 17 permits counsel to so blatantly ignore the district court’s schedule and the need for complete candor. Accordingly, we affirm the district court’s decision to deny Plaintiffs’ request for additional time.
3. The district court did not err in granting summary judgment in favor of Defendant. A Death on the High Seas Act (DOHSA) action can only be brought by the personal representative of a decedent. See 46 U.S.C. § 80302. Here, there is no genuine issue of material fact that Plaintiffs have not been appointed as personal representatives by a court and, therefore, did not have the capacity to bring the action.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We grant the Plaintiffs' requests for judicial notice "to the extent [that they are] compatible with Fed.R.Evid. 201 and ‘do[] not require the acceptance of facts subject to reasonable dispute.’ ” Associated Gen. Contractors of Am. v. Cal. Dep't of Transp., 713 F.3d 1187, 1190 n. 1 (9th Cir.2013) (citation omitted).