**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY P. ALLEN, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CITY OF ARCATA; RANDAL J. MENDOSA; THOMAS F. CHAPMAN, <br><br> Defendants-Appellees. | No. 15-16596 <br><br> D.C. No. 3:14-cv-04625-JD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted May 16, 2017
San Francisco, California

Before: CANBY and MURGUIA, Circuit Judges, and RUFE,[**] District Judge.

Plaintiff Gregory Allen appeals the judgment dismissing with prejudice his complaint against the City of Arcata, Randal Mendosa, and Thomas Chapman, alleging First Amendment violations under 42 U.S.C. § 1983. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

under 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.

1.  The district court dismissed Allen's complaint because it concluded that the complaint fails to establish that Allen suffered an injury-in-fact under the First Amendment, as required for Article III standing. The district court also concluded that, even assuming Allen sustained a concrete injury in 2010 when he and other 420 celebrants were denied entrance to Redwood Park, any claim based on this injury is barred by the two-year statute of limitations. *See Maldonado v. Harris*, 370 F.3d 945, 954–955 (9th Cir. 2004). The district court also denied Allen leave to amend his complaint because Allen admittedly did not personally attend any 420 gatherings in Redwood Park after 2010. The court concluded that this admission prevented Allen from establishing he suffered an injury-in-fact after 2010.

2.  We review de novo a district court's dismissal for lack of Article III standing, presuming that all facts alleged in the complaint are true. *Vaughn v. Bay Envtl. Mgmt., Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009). A district court's dismissal based on the statute of limitations is also reviewed de novo. *See Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1005 (9th Cir. 2011). A district court's dismissal with prejudice is reviewed for abuse of discretion. *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

3.  We agree with the district court that Allen's complaint, as currently

pled, fails to identify an actionable First Amendment injury that accrued after 2010. The complaint only alleges that Allen "was deterred from returning to the Redwood Park 420 event due to his having been excluded from the park in 2010, and due to his observation of the differential treatment the Arcata Police afforded the 420 celebrants." Although the complaint summarizes the actions Defendants took "to close the park on April 20th" every year from 2011 to 2014, it does not specifically allege that these discrete actions deterred Allen from attending the 420 event during these years. Because the complaint does not allege that Defendants' allegedly wrongful conduct post-2010 deterred him from returning to Redwood Park, the complaint fails to sufficiently state that Allen suffered a separate, actionable injury after 2010.[1] *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ("[T]his court has repeatedly held that a 'mere continuing impact from past violations is not actionable.'" (quoting *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 238–39 (9th Cir. 1991))).

4.     Although the district court properly dismissed Allen's complaint, Allen should have been granted leave to amend because it does not appear futile that he could plead facts establishing that he sustained an injury-in-fact in the years

---

[1] We reject Allen's argument that the statute of limitations for his 2010 injury did not accrue until 2014, when he allegedly learned of the pretextual reasons for Defendants' actions, because this argument lacks legal support and is unpersuasive in light of the facts alleged in the complaint.

following 2010, when he did not personally attend the 420 celebration.[2] *See*

*Dougherty v. City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011). Allen may be able

to establish that he suffered an injury-in-fact that is not time-barred by sufficiently

alleging that he was deterred from attending 420 celebrations in 2013 and 2014 in

response to Defendants' conduct that closed Redwood Park to 420 celebrants these

years. *See Ariz. Right to Life Political Action Comm. v. Bayless*, 320 F.3d 1002,

1006 (9th Cir. 2003) (finding that the plaintiff was forced to modify its behavior to

comply with a state statute regulating speech, which was sufficient to establish the

injury-in-fact requirement of standing); *see also Cal. Pro-Life Council, Inc. v.

Getman*, 328 F.3d 1088, 1095 (9th Cir. 2003) (explaining that a plaintiff alleging a

First Amendment injury need not "speak first" if he can sufficiently allege that he

intended to engage at speech that was targeted by the challenged statute or policy).

We cannot conclude that any amendments to this effect would be futile or, as

Defendants argue, patently inconsistent with Allen's original complaint. Even so,

nothing in the Federal Rules of Civil Procedure prohibits inconsistent pleadings.

*PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 (9th Cir. 2007).

     5.     Because we conclude that Allen should be afforded an opportunity to

---

[2] Because we conclude that Allen may be able to establish that he sustained an injury-in-fact even in those years he did not personally travel to Redwood Park, we decline to address whether Allen may also have third-party standing. *See Preminger v. Peake*, 552 F.3d 757, 764 (9th Cir. 2008).

amend his complaint, we decline to address the alternative dismissal grounds that Defendants put forth on appeal. Defendants may reassert these alternative grounds after Allen has filed a first amended complaint, so the district court can rule on them in the first instance.

6.      The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**