NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MMADI MLATAMOU HASSANATI, surviving wife of Mohamed Abdou Said, deceased and as Guardian ad Litem of minors, MMR, surviving son of Mohamed Abdou Said, deceased, MMR, surviving son of Mohamed Abdou Said, deceased and MR, surviving son of Mohamed Abdou Said, deceased; et al.,

Plaintiffs-Appellants,

v.

INTERNATIONAL LEASE FINANCE CORPORATION and DOES, 1-50 Inclusive,

Defendants-Appellees.

No.    16-56880

D.C. No.
2:16-cv-02734-DSF-SS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted August 31, 2018
Pasadena, California

Before:  WARDLAW, BYBEE, and IKUTA, Circuit Judges.

Mmadi Mlatamou Hassanati, *et al*. ("Plaintiffs") appeal the district court's

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

dismissal of their lawsuit on res judicata grounds.  We have jurisdiction under 28 U.S.C. § 1291 and review the dismissal de novo.  *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).  We affirm.

Plaintiffs brought two lawsuits against International Lease Finance Corporation ("ILFC") based on a 2009 airplane crash.  In their first lawsuit ("*Hassanati I*"), the district court granted summary judgment to ILFC but in the accompanying order dismissed Plaintiffs' case "without prejudice."  Plaintiffs appealed, and we affirmed.  *Hassanati ex rel. Said v. Int'l Lease Fin. Corp.*, 643 F. App'x 620 (9th Cir. 2016).  Plaintiffs then filed a new lawsuit ("*Hassanati II*") against ILFC, which the district court dismissed on the basis of res judicata.

In appealing the *Hassanati II* court's decision, Plaintiffs contest only that *Hassanati I* constituted a final judgment on the merits, conceding that the other two elements of res judicata are present.  *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (stating res judicata "is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties" (internal quotation omitted)).

The district court correctly found that the judgment in *Hassanati I* was ambiguous.  *See Semtek Int'l v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("[A]n 'adjudication upon the merits' is the opposite of a 'dismissal without prejudice.'" (quoting Fed. R. Civ. Pro. 41(b))).

2

The ambiguity dictated that the district court review the records and "construe [the] judgment so as to give effect to the intention of the issuing court." *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1167 (9th Cir. 2016) (internal quotation omitted). Having reviewed the summary judgment order in *Hassanati I*, we conclude that the district court intended to render a final judgment on the merits: the *Hassanati I* court granted summary judgment because Plaintiffs lacked statutory standing, not because Plaintiffs lacked Article III standing, having "adduced no evidence raising triable issues of fact as to whether they are personal representatives who can sue under DOHSA." Moreover, Plaintiffs also plainly considered the order a "final judgment," as they appealed it under 28 U.S.C. § 1291.

Because the *Hassanati II* court properly concluded that *Hassanati I* was a "'judgment on the merits' to which res judicata applies," its dismissal of *Hassanati II* was proper. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (quoting *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981)); *see Vaughn v. Bay Envtl. Mgmt., Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009) ("[A] dismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim."); *see also Jewel v. NSA*, 673 F.3d 902, 907 n.4 (9th Cir. 2011).

**AFFIRMED.**

3