[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 31, 2008
THOMAS K. KAHN
CLERK

————————————————

No. 07-14362

————————————————

D. C. Docket No. 07-00197-CV-ODE-1

RAYMOND A. LANFEAR,
TERRY CLARK,
RANDALL W. CLARK,

Plaintiffs-Appellants,

versus

HOME DEPOT, INC.,
ROBERT L. NARDELLI,
JOHN I. CLENDENIN,
MILLEDGE A. HART, III,
KENNETH G. LANGONE, et al.,

Defendants-Appellees,

LARRY M. MERCER, et al.,

Defendants.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

**(July 31, 2008)**

Before EDMONDSON, Chief Judge, PRYOR, Circuit Judge, and JOHNSON,[*] District Judge.

PRYOR, Circuit Judge:

This appeal presents an issue of first impression in this circuit: whether a complaint for breach of fiduciary duty regarding the diminution of value of a defined contribution retirement plan states a claim for benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461. The plaintiffs, former employees of The Home Depot, Inc., filed a complaint against Home Depot and its officials for breach of fiduciary duty in the administration of a retirement plan. The former employees have received their benefit payments, but they complain that the payments were less than they should have been. The district court dismissed the complaint with prejudice for lack of subject-matter jurisdiction on the ground that the complaint was for damages, not benefits, and the former employees did not qualify as "participants" entitled to sue for breach of fiduciary duty. The district court concluded alternatively that the former employees had failed to exhaust their available administrative remedies, but the district court did not decide whether it should dismiss the complaint without prejudice on that

---

[*] Honorable Inge P. Johnson, United States District Judge for the Northern District of Alabama, sitting by designation.

ground or stay the action to allow the former employees to pursue their administrative remedies.

We disagree with some of what the district court decided and agree with other aspects of its ruling, but we are unable to resolve all of the issues in this appeal. We conclude that the district court erred when it treated the threshold issue as one of subject-matter jurisdiction and when it dismissed the former employees' complaint with prejudice. We conclude that a complaint for breach of fiduciary duty that seeks restitution of the diminished value of a defined contribution plan is for benefits, not damages. Although we agree with the district court that the former employees failed to exhaust their administrative remedies, we remand this matter for the district court to determine, in the first instance, whether to dismiss the complaint without prejudice or stay the litigation to allow the former employees to pursue their administrative remedies. We reverse in part, affirm in part, and remand.

## I. BACKGROUND

Home Depot offers its employees a retirement plan in which assets are allocated to the account of each participant. The board of directors of Home Depot appoints both the investment committee and the administrative committee for the plan. The investment committee makes decisions regarding the investment

3

of plan assets, and the administrative committee is responsible for the administration of the plan, including claims determinations.

The plan provides defined contributions instead of defined benefits. In a plan for defined benefits, a formula is used to compute the benefits owed to the participant. See Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 439–40, 119 S. Ct. 755, 761 (1999). The amount of benefits to which a participant is entitled is not affected by the value of the plan assets. See id. In a plan for defined contributions, a formula determines the amount that the employer is required to contribute, but no formula is used to determine the amount of benefits. See id. at 439, 119 S. Ct. at 761. The participant is entitled to the value of the assets in his account, whatever that value may be. See id.

The former employees complained that Home Depot violated its fiduciary duty by allowing the plan to invest in Home Depot stock even though corporate officials were backdating stock options and making fraudulent transactions, which artificially inflated the value of Home Depot stock. The complaint named as defendants Home Depot, current and former members of the investment committee and the administrative committee of the plan, and current and former members of the board of directors of Home Depot. In their request for relief, the former employees sought to compel the defendants to restore to the plan all losses that

resulted from a breach of fiduciary duty, all profits that a breach of fiduciary duty prevented the plan from realizing, and all profits made through the misuse of plan assets. They requested that the court allocate to their individual accounts a proportionate amount of the restitution of plan losses.

The former employees filed their complaint on behalf of all plan participants for the period on and after June 30, 2001. The complaint was filed in the Eastern District of New York, but the action was transferred to the Northern District of Georgia. None of the former employees pursued administrative remedies before filing the complaint.

Home Depot moved to dismiss the complaint on the grounds that the former employees did not qualify as participants of the plan under ERISA, failed to exhaust their administrative remedies, and failed to state a claim on which relief could be granted. The district court dismissed the complaint with prejudice under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction because the plaintiffs did not qualify as participants of the plan, 29 U.S.C. § 1132(a)(2), and, as a result, lacked statutory standing to sue for breach of fiduciary duty, 29 U.S.C. § 1109. Alternatively, the district court found that, under Rule 12(b)(6), the former employees' failure to exhaust their administrative remedies

precluded relief. The district court declined to consider whether to stay the litigation to allow the former employees to pursue their administrative remedies.

## II. STANDARDS OF REVIEW

We review de novo a dismissal for lack of subject-matter jurisdiction. Elend v. Basham, 471 F.3d 1199, 1204 (11th Cir. 2006). We review de novo whether former employees qualify as participants of a plan under ERISA. See United States v. Haun, 494 F.3d 1006, 1008 (11th Cir. 2007) (citing United States v. Searcy, 418 F.3d 1193, 1195 (11th Cir. 2005)). Whether the requirement of exhaustion of administrative remedies applies to a claim is a question of law that we review de novo. See Mason v. Cont'l Group, Inc., 763 F.2d 1219, 1224–27 (11th Cir. 1985). We review for a clear abuse of discretion the decision whether to excuse the failure to exhaust administrative remedies. Perrino v. S. Bell Tel. & Tel. Co., 209 F.3d 1309, 1315 (11th Cir. 2000).

## III. DISCUSSION

The former employees make two arguments on appeal. First, the former employees argue that the district court erred when it concluded that they did not qualify as participants and lacked standing to sue for breach of fiduciary duty. Second, the former employees argue that the district court erred when it determined that the plaintiffs were required to exhaust their administrative

remedies and clearly abused its discretion when it declined to excuse their failure to exhaust administrative remedies. We discuss each argument in turn and then discuss the disposition of this appeal.

*A. The Former Employees Are Participants of the Plan Entitled To Sue for Breach of Fiduciary Duty.*

Our discussion about the standing of the former employees is divided in two parts. First, we discuss whether the status of the former employees as participants implicates the subject-matter jurisdiction of the district court or is a question about the merits of the action. Second, we discuss whether the former employees qualify as participants under ERISA. The latter issue turns on whether the former employees assert a claim for benefits or damages.

The district court erroneously dismissed the former employees' complaint for lack of subject-matter jurisdiction. When a plaintiff makes a plausible argument that a federal statute creates his right to relief, the district court has subject-matter jurisdiction over that complaint. In Blue Cross & Blue Shield of Alabama v. Sanders, we explained that whether the plaintiff qualified as a fiduciary entitled to bring an action under section 1132(a)(3) of ERISA involved the merits of the case, not subject-matter jurisdiction, because the argument of the plaintiff in favor of fiduciary status was plausible. 138 F.3d 1347, 1351–53 &

nn.4 & 5 (11th Cir. 1998). We relied on Bell v. Hood, 327 U.S. 678, 66 S. Ct. 773 (1946), for the proposition that "a federal court may dismiss a federal question claim for lack of subject-matter jurisdiction only if: (1) 'the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction'; or (2) 'such a claim is wholly insubstantial and frivolous.'" Sanders, 138 F.3d at 1352 (quoting Bell, 327 U.S. at 682–83, 66 S. Ct. at 776).

Our decision in Sanders controls here. The former employees plausibly argue that they are participants entitled to sue for breach of fiduciary duty. Because the former employees' argument for participant status is plausible, the district court had subject-matter jurisdiction. Whether the former employees qualify as participants involves the merits of the appeal. The district court erred when it concluded that it lacked subject-matter jurisdiction over this complaint.

The former employees argue that they qualify as participants because, under ERISA, their complaint asserts a claim for benefits instead of damages. We agree. A participant or beneficiary of a plan may bring a civil action for breach of fiduciary duty in the administration of the plan. 29 U.S.C. §§ 1109, 1132(a)(2). Because the former employees do not argue that they qualify as beneficiaries, they

may sue for breach of fiduciary duty only if they qualify as participants of the plan.

The Act defines the term "participant" with reference to entitlement to benefits:

> The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7). The Supreme Court has explained that "the term 'participant' is naturally read to mean either 'employees in, or reasonably expected to be in, currently covered employment' or former employees who 'have . . . a reasonable expectation of returning to covered employment' or who have 'a colorable claim' to vested benefits." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117, 109 S. Ct. 948, 958 (1989) (citations omitted) (omission in original).

The former employees argue that they qualify as participants because they have a colorable claim to vested benefits. Whether the plaintiffs have a colorable claim to vested benefits depends on the distinction between benefits and damages. ERISA allows the recovery of benefits, but it does not allow suits for

extracontractual damages.  Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134,

146–48, 105 S. Ct. 3085, 3092–93 (1985).

The district court concluded that the former employees asserted a claim for

damages, not benefits, and did not qualify as participants based on the decision of

the Fifth Circuit in Sommers Drug Stores Co. Employee Profit Sharing Trust v.

Corrigan, 883 F.2d 345 (5th Cir. 1989).  The Sommers court stated that "a plaintiff

alleging that his benefits were wrongly computed has a claim for vested benefits"

but that "a plaintiff who seeks the recovery for the trust of an unascertainable

amount, with no demonstration that the recovery will directly effect payment to

him, would state a claim for damages."  Id. at 350.  The district court reasoned that

the former employees sought damages because their complaint did not seek a

readily ascertainable amount that would directly effect a payment to the plaintiffs.

The Third, Sixth, and Seventh Circuits have rejected the reasoning of the

Fifth Circuit.  In Harzewski v. Guidant Corp., Judge Posner explained that nothing

in ERISA suggests that the term "benefits" encompasses only claims for an easily

ascertainable amount.  489 F.3d 799, 807 (7th Cir. 2007).  Judge Posner instead

concluded that "[t]he benefit in a defined-contribution pension plan is . . .

whatever is in the retirement account when the employee retires or whatever

would have been there had the plan honored the employee's entitlement, which

10

includes an entitlement to prudent management." Id. at 804–05. In Graden v.

Conexant Systems Inc., the Third Circuit followed Harzewski and held that an

employee qualifies as a participant when he sues for a decrease in the value of a

defined contribution account caused by a violation of a fiduciary duty. 496 F.3d

291, 296–98 (3d Cir. 2007). The Graden court explained that, for a defined

contribution plan, "ERISA imposes fiduciary duties on plan administrators, so part

of a participant's entitlement is the value of his account unencumbered by any

fiduciary impropriety." Id. at 297 (citation omitted). In Bridges v. American

Electric Power Co., the Sixth Circuit relied on Harzewski and Graden and held

that a former employee could sue to recover the decrease in value of his account in

a defined contribution plan caused by a breach of fiduciary duty. 498 F.3d 442,

445 & n.2 (6th Cir. 2007).

We agree with the Third, Sixth, and Seventh Circuits. A complaint for the

decrease in value of a defined contribution account due to a breach of fiduciary

duty is not for damages because it is limited to the difference between the benefits

actually received and the benefits that would have been received if the plan

management had fulfilled its statutory obligations. Because their complaint is for

benefits, not damages, the former employees qualify as participants. The district

court erred when it concluded that the former employees were not participants.

11

*B. The Former Employees Were Required To Exhaust Their Administrative Remedies.*

The district court determined that the former employees were required to exhaust their administrative remedies, and the court chose not to exercise its discretion to excuse their failure to exhaust administrative remedies. The former employees present three arguments against the decision of the district court: (1) the district court erred when it applied the precedent of the Eleventh Circuit instead of the Second Circuit, where the action was originally filed; (2) Eleventh Circuit precedent does not require exhaustion of administrative remedies when the complaint is for breach of fiduciary duty, instead of a denial of benefits, and it seeks relief on behalf of the entire plan; and (3) the district court clearly abused its discretion when it declined to excuse the former employees' failure to exhaust their administrative remedies. Each of these arguments fails.

The former employees erroneously argue that the district court should have applied Second Circuit precedent instead of Eleventh Circuit precedent after the case was transferred to the Northern District of Georgia from the Eastern District of New York. The former employees cite Van Dusen v. Barrack, 376 U.S. 612, 84 S. Ct. 805 (1964), for the proposition that, after a transfer of venue, 28 U.S.C. § 1404(a), the transferee court must apply the law of the transferor court, but that

12

decision held that, in a diversity case, the transferee court must apply the state law that would have been applied in the transferor court. Murphy v. FDIC, 208 F.3d 959, 965 (11th Cir. 2000). A transferee court is not required to apply the law of the transferor court when, as here, the transferee court interprets federal law. Id. at 964.

"The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1328 (11th Cir. 2006) (quoting Counts v. Am. Gen. Life & Accident Ins. Co., 111 F.3d 105, 108 (11th Cir. 1997)) (internal quotation marks omitted). "Th[e] exhaustion requirement applies equally to claims for benefits and claims for violations of ERISA itself." Id. (citing Perrino, 209 F.3d at 1316 n.6). In Bickley, we applied the exhaustion requirement to a claim for breach of fiduciary duty in the administration of a plan governed by ERISA when the claim sought relief on behalf of the plan. Id. at 1327, 1330.

The former employees attempt to distinguish Bickley on the ground that the breach of fiduciary duty in Bickley, unlike in this appeal, was committed by a third-party administrator of the plan, but our decision in Bickley did not rest on this distinction. The exhaustion requirement applies to complaints for breach of

13

fiduciary duty under ERISA regardless of whether the breach was committed by a third-party administrator of the plan or the employer.

The former employees argue that the district court clearly abused its discretion when it declined to excuse their failure to exhaust administrative remedies because the plan did not provide an administrative remedy. "[D]istrict courts have discretion to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate." Counts, 111 F.3d at 108 (citing Curry v. Contract Fabricators, Inc. Profit Sharing Plan, 891 F.2d 842, 846 (11th Cir. 1990), abrogated on other grounds by Murphy v. Reliance Standard Life Ins. Co., 247 F.3d 1313, 1315 (11th Cir. 2001)). The former employees contend that the provision in the plan regarding initial review of a claim refers only to "[c]laims for benefits" and the provision regarding appeals refers only to participants and beneficiaries who have been "denied a benefit." They maintain that their complaint is for damages instead of benefits.

This argument fails for two reasons. First, as we explained in the previous section, the former employees' complaint is for benefits. Second, the plan provides an administrative remedy for a wide range of claims, including breach of fiduciary duty:

(a) <u>Rights</u>. If a Participant or Beneficiary has any grievance, complaint or claim concerning any aspect of the operation or administration of the Plan or Trust, including but not limited to claims for benefits and complaints concerning the investments of Plan assets . . . , the Participant or Beneficiary shall submit the claim within the "applicable limitations period."

The plan grants its administrators "complete control of the administration of the Plan . . . , with all discretionary authority and powers necessary to enable it properly to carry out its duties," including the duty "to construe the Plan and to determine all questions that shall arise thereunder." In <u>Bickley</u>, we concluded that a similar grant of discretionary authority was sufficient to establish the availability of an administrative remedy. 461 F.3d at 1329–30.

The former employees also argue that exhaustion of their administrative remedies would have been futile, but we disagree. The former employees allege that the same parties who breached their fiduciary duty would have been the decisionmakers in the administrative proceeding, but the futility exception protects participants who are denied meaningful access to administrative procedures, not those whose claims would be heard by an interested party. In <u>Curry</u>, for example, we found that exhaustion was futile because plan administrators had denied a participant meaningful access to administrative proceedings by repeatedly

15

ignoring requests for documents supporting the denial of benefits. 891 F.2d at 844, 846–47.

Our decisions in Bickley and Springer v. Wal-Mart Associates' Group Health Plan, 908 F.2d 897 (11th Cir. 1990), also establish that the futility exception is about meaningful access to administrative proceedings, not a potential conflict of interest of the decisionmakers. In Bickley, we rejected an argument of futility as speculative because the participant had not attempted to pursue administrative remedies. 461 F.3d at 1330. In Springer, we ruled that a participant may not invoke the futility exception to avoid recourse to an administrative procedure on the ground that the reviewer is "basically the same entity as the initial internal decider and . . . both deciders have an interest in 'holding costs down.'" 908 F.2d at 901 (quoting Springer v. Wal-Mart Associates' Group Health Plan, 714 F. Supp. 1168, 1176 (N.D. Ala. 1989), rev'd, 908 F.2d 897) (omission in original) (internal quotation mark omitted).

*C. On Remand, the District Court Should Rule on the Former Employees' Request for a Stay.*

Because the district court dismissed with prejudice on the ground that the former employees lacked standing, the district court did not determine whether it would have stayed the proceeding or dismissed without prejudice based on the

former employees' failure to exhaust their administrative remedies. The former employees requested a stay as an alternative to a dismissal without prejudice to allow their pursuit of administrative remedies. The district court expressly declined to consider the request for a stay. Without expressing any opinion regarding the appropriateness of a stay in this context, we remand this matter to the district court to rule first on the former employees' request for a stay.

## IV. CONCLUSION

We **REVERSE** the dismissal with prejudice, **AFFIRM** the finding that the former employees have failed to exhaust their administrative remedies, and **REMAND** for further proceedings.