[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12252
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cv-61661-MGC


GLENN HERMAN,

Plaintiff - Appellant,

versus

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 13, 2013)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

In this action to recover long-term disability (LTD) benefits under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461, Plaintiff Glenn Herman appeals the district court's grant of summary judgment in favor of Hartford Life and Accident Insurance Co. (Hartford).  After a thorough review of the record and briefs, we affirm.

## I.  FACTUAL & PROCEDURAL BACKGROUND

This case concerns two LTD disability claims by Herman: a 2005 claim that was denied, and a 2007 claim that was approved.  In 2005, Herman underwent the first of nine brain surgeries to remove a brain malformation, and later that year applied for LTD benefits under an ERISA-governed disability policy issued by Hartford.  In 2006, Hartford denied Herman's 2005 LTD benefits claim, which he did not appeal.

On April 30, 2007, Herman was clinically diagnosed with depression, and again Herman applied for LTD benefits under the Hartford plan.  He also applied for Social Security disability benefits.  In September 2007, the Social Security Administration awarded Herman disability benefits for his depression in a lump sum.  In April 2009, Hartford awarded Herman LTD benefits for his depression, with a 2007 start date.  In July 2010, however, Hartford received information about Herman's Social Security disability benefits, and reduced Herman's LTD benefits.

2

Herman filed suit in state court, though the case was removed to federal court in September 2010.  Among other things, Herman claimed that his LTD benefits should have commenced in 2005 rather than 2007.  Hartford responded that Herman's disability date began in 2007.  In support of its argument, Hartford filed the administrative record for Herman's 2007 claim.  After Hartford moved for summary judgment and Herman filed his memorandum in opposition, the district court entered an order (the initial order) on August 9, 2011, denying Hartford's motion on the ground that the 2007 disability date was "arbitrary and capricious," and remanding the claim to Hartford for further consideration.  The district court based its order on the fact that in 2005, Herman had presented Hartford with a notice of disability.  The district court, because of poor due diligence on the part of both Herman's and Hartford's attorneys, was obviously unaware that Hartford had denied Herman's 2005 LTD claim in 2006.

On August 25, 2011, apparently recognizing its oversight, Hartford filed a motion for reconsideration of the initial order, and renewing its motion for summary judgment.  Hartford attached the Affidavit of Reinaldo Fernandez, an ability analyst for Hartford, along with several exhibits from 2005 and 2006.  These exhibits demonstrated that because Herman's 2005 LTD claim was a separate, already-denied claim that Herman failed to appeal, the 2005 and 2007 LTD claims could not be considered together, and reasonable grounds supported

Herman's 2007 disability start date.  Moreover, Herman could not seek judicial review of the 2005 denial because he had not exhausted his administrative remedies for that claim.  Herman filed his response in opposition, and on March 26, 2012, the district court entered an order (the final order) granting Hartford's motion, vacating the initial order, and granting summary judgment in favor of Hartford.

## II.  ANALYSIS

On appeal, Herman raises four alleged errors in the district court's reversal of its initial order: (1) the district court erred when it permitted Hartford to raise a statute of limitations defense for the first time in its reconsideration motion; (2) the district court erred when it did not allow Herman to depose Hartford's affiant, Reinaldo Fernandez; (3) the district court erred by making a finding in its initial order that Hartford acted in bad faith, and then reversing itself without any new evidence to the contrary; and (4) Hartford improperly changed the administrative record when it submitted Fernandez's affidavit and the accompanying exhibits.

The district court's initial order was an interlocutory order because it denied a motion for summary judgment and remanded Herman's ERISA claim.  *See Ortiz v. Jordan*, 131 S. Ct. 884, 891 (2011) (holding that an order denying summary judgment is interlocutory); *Young v. Prudential Ins. Co. of Am.*, 671 F.3d 1213, 1215–16 (11th Cir. 2012) (per curiam) (holding that an order which "left

4

unresolved" a plaintiff's entitlement to ERISA benefits was not a final decision).

The district court's final order reversed its initial, interlocutory order.  "We review

a district court's reversal of its own interlocutory order for abuse of discretion."

*Harper v. Lawrence Cnty.,* 592 F.3d 1227, 1231–32 (11th Cir. 2010).  Because the

final order also granted summary judgment in favor of Hartford, we review de

novo that decision, applying the same legal standards governing the district court's

decision.  *See Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 911 (11th Cir. 2007).

**A.  The district court did not apply any statute of limitations defense.**

Herman asserts that the district court improperly permitted Hartford to raise

a statute of limitations defense for the first time in its motion to reconsider.  Were

that actually the case, Herman would have a tenable argument on appeal; yet, a

cursory review of the final order demonstrates that the district court merely held

that "Mr. Herman is unable to assert a cause of action based upon his 2005 claim"

because, like every ERISA plaintiff must, Herman had not exhausted his

administrative remedies for the 2005 claim.

"The law is clear in this circuit that plaintiffs in ERISA actions must exhaust

available administrative remedies before suing in federal court," and that

requirement must be pleaded in the complaint.  *Lanfear v. Home Depot, Inc.*, 536

F.3d 1217, 1223–24 (11th Cir. 2008) (internal quotation marks omitted).

Therefore, Hartford's defense that Herman did not exhaust his administrative

5

remedies with regard to his 2005 LTD benefits claim cannot be characterized as a statute of limitations defense, or consequently, an affirmative defense. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). Accordingly, Hartford asserted a jurisdictional defense that may be raised at any time, and the district court did not err in allowing Hartford to put forth such a defense. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**B. The district judge did not unfairly deprive Herman of the opportunity to depose Hartford's affiant.**

Next, Herman argues that the district court erred when it did not permit him to depose Fernandez after Hartford filed its motion to reconsider. Again, we disagree. Federal Rule of Civil Procedure 56(d) authorizes a party faced with a summary judgment motion to show "by affidavit or declaration" that it "cannot present facts essential to justify its opposition," and thereby convince the district court to permit further discovery.

If Herman wished to depose Fernandez, it was incumbent upon Herman to file a motion invoking Rule 56(d). He did not do so. Instead, Herman filed a memorandum of law in opposition that did not even mention the Rule, but rather accused Hartford of preventing Herman from deposing Fernandez. District judges are to be afforded "wide discretion" regarding discovery issues, *see Harris v.*

6

*Chapman*, 97 F.3d 499, 506 (11th Cir. 1996), and we therefore decline to construe

Herman's reference in the memorandum to the "need for additional discovery" as a

Rule 56(d) motion.

## C.  The district court did not initially find that Hartford had acted in bad faith.

Herman claims that the district court erred by finding in its initial order that

Hartford had acted in bad faith, and then reversing itself without any new evidence.

The language at issue in the district court's initial order read:

> Herman's medical background calls into question . . . whether
> Hartford acted in bad faith when it assigned Herman the 2007
> disability date.

We conclude that the mere questioning of Hartford's good faith does not

establish a finding of bad faith on Hartford's part.  Herman's claim in this regard is

without merit.

## D.  The district court did not err when it reversed its initial order and granted summary judgment in favor of Hartford.

When reviewing a denial of benefits under ERISA, the scope of the district

court's review hinges upon whether the ERISA plan granted the administrator

discretionary authority to make eligibility determinations or to construe the plan's

terms.  *See Kirwan v. Marriott Corp.*, 10 F.3d 784, 788 (11th Cir. 1994).  If the

ERISA plan does not grant the plan administrator such discretion, the district court

engages in a de novo review, and it may examine facts not before the

7

administrator. *See id.* at 788–89 n.31.  Contrarily, when an ERISA plan does grant the plan administrator discretion, the reviewing court, under the arbitrary and capricious standard, may only consider "the facts known to the administrator" at the time of the decision. *Lee v. Blue Cross/Blue Shield of Ala.*, 10 F.3d 1547, 1550 (11th Cir. 1994).

In its final order, the district court relied on Fernandez's affidavit and its attached exhibits, which formed the administrative record for Herman's 2005 LTD claim.  The exhibits made clear that Herman sought review for two separate claims: the 2005 claim that had been denied, and a 2007 claim that had been approved.  Herman argues that the exhibits are inadmissible hearsay that changed the administrative record.

Reconsideration of a summary judgment denial is appropriate to correct manifest errors of law or fact, *see* Fed. R. Civ. Pr. 60(b),[1] and we will only reverse

---

[1] Rule 60(b) provides the reasons a district court may relieve a party from a final judgment, order, or proceeding.  A denial of summary judgment is technically an interlocutory, rather than a final order, because it does not constitute a controversy's final resolution.  Here, the district court's initial order denied Hartford's motion for summary judgment and remanded the case to the plan administrator.  The district court and Hartford both characterize Hartford's motion to reconsider the initial order as a Federal Rule of Civil Procedure 60(b) motion.  Yet our research indicates that a district court's authority to revise interlocutory orders—e.g., a denial of summary judgment—comes from Rule 54(b):

> [A]ny order or other decision, however designated, *that adjudicates fewer than all the claims* or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

8

a district court's rescission of its interlocutory order for abuse of discretion.  *See Harper*, 592 F.3d at 1231–32.

Here, Herman's hearsay argument is misplaced, as the district court's review was limited only by what was available to the plan administrator, not by the Federal Rules of Evidence.  *See Black v. Long Term Disability Ins.*, 582 F.3d 738, 746 n.3 (7th Cir. 2009) ("The Federal Rules of Evidence, however, do not apply to an ERISA administrator's benefits determination, and we review the entire administrative record, including hearsay evidence relied upon by the administrator."); *see also Jett v. Blue Cross & Blue Shield of Ala. Inc.*, 890, F.2d 1137, 1139 (11th Cir. 1989) (noting that administrator's determination is "based upon the facts as known to the administrator at the time the decision was made").

Herman also argues that Hartford "changed the administrative record" when it filed Fernandez's affidavit and the accompanying exhibits.  We find this argument similarly unconvincing, because Hartford did not change the administrative record for Herman's 2007 LTD claim.  Rather, Hartford submitted the administrative record for Herman's 2005 LTD claim.  Herman cites no precedent supporting the proposition that an ERISA defendant may not submit the

---

(emphasis added); *see, e.g.*, *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222 (M.D. Ga. 1997) (citing Rule 54(b) and noting that a district court "has the discretion to reconsider interlocutory orders").  Although Rule 54(b) does not delineate the parameters of a district court's discretion to reconsider interlocutory orders, we have at least indicated that Rule 54(b) takes after Rule 60(b).  *See, e.g.*, *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990) (reviewing a district court's grant of a motion to reconsider a denial of summary judgment as if it were a Rule 60(b) motion).

administrative record for an entirely separate claim.  What is more, part of the reason for the confusion in this case is that Herman's pleadings treated the 2005 and 2007 LTD claims as one claim.  Because Herman's pleadings obfuscated the claim at issue, the district court did not abuse its discretion when it granted Hartford's motion to reconsider.

In its motion to reconsider, Hartford made the argument that Herman misled the district court when he argued for a 2005 start date on his LTD benefits because Herman's lawyer, Kenneth Cooper, failed to disclose to the court that Herman had made two separate claims for LTD benefits, one in 2005 and one in 2007.  We are not prepared to say that Cooper intentionally misled the district court, but it is at least clear from the record that both parties in this case were talking past each other.  Cooper asserted in the complaint that Hartford owed Herman LTD payments from 2005, while Hartford maintained that it did not approve Herman's LTD payments for depression until 2007.

Cooper should have disclosed that the 2005 and 2007 claims were separate.[2]  Even assuming that Cooper intended to appeal the 2005 claim denial, he should

---

[2] Cooper's "Statement of Claim" in the district court, like the rest of his filings in this case, is littered with grammatical errors, and makes manifest his misunderstanding of Herman's claim history.  *See, e.g.*, D.E. 12, 2 ("Exact figure are **[sic]** not in possession of Glenn Herman . . . ."); Brief for Appellant at 3, *Herman v. Hartford Life & Accident Ins. Co.*, No. 12-12252 (11th Cir. Jul. 30, 2012) ("The defendant never plead **[sic]** an affirmative defense of a statute of limitations.").

have known that his client needed to exhaust his administrative remedies for the 2005 claim before seeking judicial review. *See Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006) (per curiam) ("The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." (internal quotation marks omitted)).   As for Hartford, it should have filed the administrative records for both the 2005 and 2007 claims.  It was apparent from Cooper's filings, despite their slipshod quality, that Cooper sought review of his client's 2005 *and* 2007 claims.

Based on the foregoing, we cannot say that the district court abused its discretion when it reversed its initial, interlocutory order and granted summary judgment in favor of Hartford.  To the extent that any error occurred in the district court proceedings, those errors resulted from poor lawyering, not poor judicial work.

**AFFIRMED**.

---

We also take this opportunity to remind Cooper that an initial brief, per Eleventh Circuit Rule 28-1(h), should state clearly for the court the issues on appeal.  Cooper's "Statement of Issue(s) Presented for Review" is a rambling, four-page narration of the district court proceedings.  The subheading for this section is, confoundingly, "Statement of the Case," which is of course a separate section altogether that ought to follow the "Statement of the Issues." *See* Eleventh Circuit Rule 28-1(i).