[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12149
Non-Argument Calendar

_____

D.C. Docket No. 2:08-cv-01978-VEH

KEVIN MCCAY,

Plaintiff - Appellant,

versus

DRUMMOND COMPANY, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 20, 2013)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Kevin McCay appeals from the district court's order granting summary judgment in favor of his former employer, Drummond Company, Inc.  In his complaint, which Drummond had removed to federal court pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), McCay challenged Drummond's denial of his application for a disability retirement pension, alleging that he subsequently received a favorable award of Social Security benefits, and that Drummond was under a continuing duty to consider this new evidence of disability.  The first time this case was before the district court, the court, in its discretion, granted McCay's Motion to Remand to the Plan Administrator, so that McCay could present to the Pension Committee additional evidence in support of his disability claim. After Drummond's Pension Committee upheld its previous denial on remand, the district court granted McCay's Motion to Reinstate Claim and reopened the case.  This time, the district court granted Drummond's Motion for Summary Judgment for two independent reasons -- because McCay had failed to exhaust administrative remedies, and because Drummond's  denial of McCay's benefits was reasonable. On appeal, McCay argues that: (1) the District Court erred in concluding that McCay's claim for disability pension benefits was barred based upon his failure to exhaust his  administrative remedies; and (2) the District Court erred in upholding

2

the Pension Committee's decision that McCay was not disabled under the Pension Plan. After thorough review, we affirm.

"The decision of a district court to apply or not apply the exhaustion of administrative remedies requirement for ERISA claims is a highly discretionary decision which we review only for a <u>clear</u> abuse of discretion." <u>Perrino v. BellSouth</u>, 209 F.3d 1309, 1315 (11th Cir. 2000). Where, as here, an ERISA plan endows the plan administrator with discretion to determine eligibility for plan benefits, we review the administrator's decision under a deferential standard. <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 111 (1989).

The ERISA statute mandates that employee benefit plans subject to its coverage "shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2). We generally require exhaustion of administrative remedies as a precondition to filing an ERISA action. <u>See</u> <u>Perrino</u>, 209 F.3d at 1315 (quoting <u>Counts v. Amer. Gen. Life & Accident Ins. Co.</u>, 111 F.3d 105, 108 (11th Cir. 1997)); <u>Mason v. Continental Group, Inc.</u>, 763 F.2d 1219, 1225-27 (11th Cir. 1985) ("[T]he district court did not err in holding that plaintiffs must exhaust their remedies under the pension plan agreement before they may bring their ERISA claims in federal court.").

3

However, we recognize an exception to the exhaustion requirement where "resort to the administrative route is futile or the remedy inadequate." Curry v. Contract Fabricators, Inc. Profit Sharing Plan, 891 F.2d 842, 846 (11th Cir. 1990) (quotation omitted), abrogated on other grounds by Murphy v. Reliance Standard Life Ins. Co., 247 F.3d 1313, 1314 (11th Cir. 2001). We have found another exception to exhaustion when the plaintiff's failure to exhaust administrative remedies resulted from certain language in the plan's summary description that the plaintiff "reasonably interpreted as meaning that she could go straight to court with her claim." Watts v. BellSouth Telecomm., Inc., 316 F.3d 1203, 1204 (11th Cir. 2003). Where a valid exception applies, the district court has wide discretion to excuse the exhaustion requirement. Perrino, 209 F.3d at 1315.

We have expressed a disinclination toward expansion of the exceptions to exhaustion. In Perrino, for example, we rejected a proposed "new exception to our exhaustion requirement; namely, that an employer's noncompliance with ERISA's technical requirements (for example, creating a summary plan description, or delineating a formal claims procedure) should excuse a plaintiff's duty to exhaust administrative remedies." Id. at 1316. In declining to further expand the exceptions to ERISA exhaustion, we said:

> This approach conforms with the logic of our exhaustion doctrine in which we apply the exhaustion requirement strictly and recognize narrow exceptions only based on exceptional circumstances. Our exceptions to this doctrine where resort to an administrative scheme is unavailable or would be

4

"futile," or where the remedy would be "inadequate" simply recognize that there are situations where an ERISA claim cannot be redressed effectively through an administrative scheme. In these circumstances, requiring a plaintiff to exhaust an administrative scheme would be an empty exercise in legal formalism. That said, it makes little sense to excuse plaintiffs from the exhaustion requirement where an employer is technically noncompliant with ERISA's procedural requirements but, as the district court determined in this case, the plaintiffs still had a fair and reasonable opportunity to pursue a claim through an administrative scheme prior to filing suit in federal court. Therefore, if a reasonable administrative scheme is available to a plaintiff and offers the potential for an adequate legal remedy, then a plaintiff must first exhaust the administrative scheme before filing a federal suit.

Id. at 1318 (citations omitted).

To begin with, McCay, who appealed Drummond's benefits decision nineteen months after it was issued, concedes his failure to exhaust his administrative remedies in this case by admitting his failure to appeal Drummond's initial denial of pension benefits within the set 180-day time frame. Instead, McCay suggests that he should be excused from the exhaustion requirement altogether. We conclude that the district court did not abuse its discretion in determining that none of the existing exceptions apply to McCay's case.

First, McCay argues that deficiencies contained in Drummond's notice of denial of benefits excused McCay's failure to appeal within the designated 180-day time period. Specifically, he says that the denial notice failed to include "what evidence was needed to obtain a favorable decision." Yet as the record shows, the notice communicated to McCay that he needed to show that he was totally disabled, and that his treating physicians said that he was not. It further explained

5

that he could submit "written comments, documents, records, and other information relating to [his] claim." Moreover, even if this notice weren't sufficient, the type of "noncompliance with ERISA's technical requirements" that McCay alleges is of the type that Perrino concluded was insufficient to excuse ERISA's administrative exhaustion requirement. Id. at 1317 ("[T]he exhaustion requirement for ERISA claims should not be excused for technical violations of ERISA regulations that do not deny plaintiffs meaningful access to an administrative remedy procedure through which they may receive an adequate remedy.").[1] Thus, we cannot say that the district court abused its discretion in refusing to find that any deficiencies in the notice excused McCay from appealing in timely fashion.

We are also unpersuaded by McCay's claim that depression interfered with his ability to timely appeal Drummond's denial of his disability pension application. For starters, McCay does not cite to any Eleventh Circuit case in which ERISA exhaustion requirements were excused based on a theory of mental incapacity. The only binding case law he cites to is Branch v. Bernd Company,

---

[1] As for McCay's claim that Perrino has been superseded by new administrative regulations, there is no Eleventh Circuit case law to this effect. Furthermore, the "new" administrative regulations allow a claimant to avoid exhaustion if "the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." 29 C.F.R. § 2560.503-1(l). But, we cannot say that the notice failed to provide a "reasonable claims procedure" in this case since, as the record shows, McCay eventually was able to follow the appeals procedures, albeit thirteen months after the deadline to appeal had run. See Tindell v. Tree of Life, 672 F. Supp. 2d 1300, 1312 (M.D. Fla. 2009).

6

955 F.2d 1574, 1582 (11th Cir. 1992), in which we allowed equitable tolling of the sixty-day election period for continued health coverage under a different federal statute, the Consolidated Omnibus Budget Reconciliation Act, because the beneficiary died during the election period. There is no discussion of mental incapacity or the standard of proof necessary to establish such a claim.

But, if we were to accept McCay's argument -- that equitable tolling applies here -- McCay would bear the heavy burden, under the equitable tolling doctrine, of showing that "extraordinary circumstances exist[ed]" to prevent him from appealing on time. Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006). As the district court found, McCay failed to do so. Among other things, the district court noted an irreconcilable tension between the pre-litigation position advocated by McCay's attorney -- informing Drummond by letter dated March 10, 2008, letter that "Mr. McCay delayed filing an appeal of the disability pension because he was waiting on the Social Security decision" -- and his post-litigation position that the delay was based on his depression. The court also observed an unexplained discrepancy in the time frame within which McCay asserts that he was unable to pursue Drummond's appeals process due to depression, which is the same general time frame within which McCay apparently hired an attorney and successfully appealed his unfavorable Social Security benefits determination. See, e.g., Barnhart v. United States, 884 F.2d 295, 299 (7th Cir. 1989) (rejecting equitable

7

tolling argument in holding plaintiff was sufficiently aware to pursue a lawsuit against a different party related to his injury and, therefore, his participation in other proceedings put to rest any argument that he was legally incapable of proceeding with his lawsuit). In short, the district court did not abuse its discretion in rejecting McCay's argument that he was mentally incapable of pursuing his appeal.

Next, McCay urges us to excuse the exhaustion requirement based on futility. We have said that the futility exception does not apply simply because the same parties who made the initial benefits determination were also the decision makers in the administrative appeal process. Lanfear v. Home Depot, Inc., 536 F.3d 1217, 1224 (11th Cir. 2008). Rather, "the futility exception protects participants who are denied meaningful access to administrative procedures, not those whose claims would be heard by an interested party." Id. For instance, in Curry, we found that the futility exception applied where the plan administrators had denied a participant meaningful access to administrative proceedings by repeatedly ignoring requests for documents supporting the denial of benefits. 891 F.2d at 846. Conversely, in Springer v. Wal-Mart Assoc. Group Health Plan, 908 F.2d 897 (11th Cir. 1990), we reversed the district court's application of the futility exception where the plan participant invoked the exception on the basis that the

8

initial internal decision maker and the decision maker on appeal shared "an interest in holding costs down." Id. at 901 (quotation omitted).

In arguing futility to us, McCay merely makes vague claims that the appeal would have been futile because "Drummond was determined to cling to its position that McCay's appeal was too late and Dr. Romeo's opinion was enough reasonable cause to support a denial of benefits." McCay has provided no evidence that Drummond's Pension Committee exercised any control to deny McCay a meaningful review of his claim denial. Therefore, the district court did not abuse its discretion in failing to find futility.

Finally, we find no merit to McCay's argument that he has an unlimited right to submit additional evidence of disability. He relies on Kappos v. Hyatt, 132 S.Ct. 1690 (2012), which allowed for the submission of new evidence to the district court under Section 145 of the Patent Act of 1952. However, Kappos does not apply here. Most notably, the Supreme Court expressly limited its holding to the confines of a limited circumstance: "we are concerned only with § 145 proceedings in which new evidence has been presented to the District Court. . . ." Id. at 1699. The Supreme Court also noted that the review standard for Section 145 is entirely different from an action under Section 146 of the same Act. Further, there is no "broad brush" language in the opinion that would support

9

McCay's conclusory assertion that the right to submit additional evidence in an ERISA disability determination, nor that the right goes on for forever.

McCay also cites to Shannon v. Jack Eckerd Corp., 113 F.3d 208 (11th Cir. 1997), to support his assertion that a Plan Administrator has a continuing duty to consider any new evidence of disability that a plaintiff might be able to gather. McCay claims there is a continuing duty, regardless of whether the final determination has been reached on his claim, regardless of whether the plaintiff made an effort to exhaust the administrative remedies available to him, and regardless of whether the plaintiff is even employed or still a participant in the Plan.  We have long said, however, that a "district court should limit its review to consideration of the material available to [a decision-maker] at the time it made its decision."  Jett v. Blue Cross & Blue Shield of Ala., 890 F.2d 1137 (11th Cir. 1989); see also Levinson v. Reliance Standard Life Ins. Co., 245 F.3d 1321, 1328 (11th Cir. 2001) (when a plan grants its administrator discretionary authority to interpret it the parties may not generally introduce new evidence of disability in the district court, so that the case must be decided on the administrative record).

Furthermore, Shannon is distinguishable.  There, the decision to remand the case to the Plan Administrator for consideration of additional evidence was made only after we concluded that the Plan Administrator's initial determination was arbitrary and capricious. Thus, in Levinson, we explained:

10

[T]he facts in Shannon are distinguishable from the facts in the instant case. In Shannon, the plan administrator relied only upon a conclusory recommendation of denial from its medical consultant and the denials of other insurance companies in deciding that a pancreas transplant was investigational. The district court ruled that the decision was arbitrary and capricious and ordered a remand so the plan administrator could consider additional evidence that the beneficiary wanted to present. See id. In Levinson's case, Reliance -- not the beneficiary -- wanted a remand to consider evidence that would tend to show Levinson was not disabled.

We find persuasive the Eighth Circuit's reasoning in Davidson v. Prudential Ins. Co. of America, 953 F.2d 1093 (8th Cir. 1992). In that case, Davidson contended that the district court erred in refusing to remand the case to the plan administrator to consider a vocational report and a psychiatrist's report prepared after litigation had commenced. See id. at 1095. The district court refused to remand, because "if Davidson believed the evidence he now offers was necessary for Prudential to make a proper benefits determination, Davidson should have obtained this evidence and submitted it to Prudential." Id. We find that this reasoning should apply with equal force to the insurance company as to the beneficiary. Reliance had more than adequate opportunities to establish an administrative record containing evidence contradicting Levinson's evidence pointing to disability on two occasions: when it first considered Levinson's claim and upon Levinson's administrative appeal. Reliance did not do this. It was not until after litigation commenced that Reliance obtained evidence contradicting Levinson's evidence that he was disabled under the policy. Therefore, the district court's refusal to remand the issue of Levinson's eligibility for benefits to Reliance should be upheld.

Levinson, 245 F.3d at 1328.

Here, the evidence McCay seeks to submit was obtained not only post-litigation but post-remand. The district court found no indication that the information obtained post-remand could not have been obtained and submitted earlier, and McCay has not shown us otherwise. We, therefore, again conclude that the district court did not abuse its discretion in rejecting McCay's argument

11

that he had "the right to submit new evidence in support of a failed disability application . . . [in]to infinity." As a result, the district court did not abuse its discretion in concluding that the exhaustion doctrine barred review of McCay's disability determination, and we need not address his argument on the merits.

**AFFIRMED.**