[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 13-11921

————————————————

D.C. Docket No. 1:10-cv-03340-RWS

SOUTHERN MILLS, INC.,
d.b.a. Tencate Protective Fabrics,

Plaintiff-Appellee,

versus

H. JAMES NUNES,
INSIGHT HOLDING GROUP, LLC,

Defendants-Appellants.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(March 27, 2014)

Before HULL and BLACK, Circuit Judges, and SMITH,[*] District Judge.

PER CURIAM:

---

[*] Honorable C. Lynwood Smith, Jr., United States District Judge for the Northern District of Alabama, sitting by designation.

This case arises from an arbitration proceeding between Appellee Southern Mills, Inc. (Southern Mills) and Appellants H. James Nunes and his solely-owned company, Insight Holding Group, LLC (collectively, Insight). The underlying arbitration stemmed from a dispute over Southern Mills' attempt to rescind a Sales Representative Agreement (the Agreement), which provided that Southern Mills would pay commissions to Insight for the sale of a certain fire-resistant fabric to customers who would manufacture uniforms for the U.S. Military. After Southern Mills filed a demand for arbitration against Insight, it filed a complaint against Nunes in the U.S. District Court for the Northern District of Georgia. Nunes successfully moved to compel arbitration, and the arbitrators found in pertinent part that none of the parties' claims had merit, but that the doctrine of commercial frustration excused Southern Mills from further performing under the Agreement.

Insight filed an application to vacate the arbitration award in the U.S. District Court for the Eastern District of Virginia. A few days later, Southern Mills filed a motion in the Northern District of Georgia seeking to confirm the arbitration award. The Virginia district court transferred Insight's application to the Georgia district court, which denied Insight's motion to retransfer the case and granted Southern Mills' motion to confirm the arbitration award. Insight appeals both rulings. After review and having had the benefit of oral argument, we affirm.

2

## I.  ARBITRATION AWARD[1]

Insight argues the district court erred by confirming the arbitration award because the arbitrators found that one of Southern Mills' clients, Sitnausak Native Corporation (SNC), or one of its affiliates, was a third party beneficiary. According to Insight, the arbitrators' finding violated the plain terms of the Agreement, which contained a "No third party beneficiary" clause and expressly prohibited the arbitrators from altering or overruling any provision of the Agreement.

Insight's arguments are unavailing.  Section 10 of the Federal Arbitration Act (FAA) provides that a district court may vacate an arbitration award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).  Obtaining vacatur of an arbitration award under § 10(a)(4) is a "high hurdle" because "[i]t is not enough . . . to show that the [arbitrators] committed an error—or even a serious error."  *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010); *see also Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064, 2070 (2013) (stating that "convincing a court of an arbitrator's error—even his grave error—is not enough.  So long as the arbitrator was

---

[1] We review *de novo* the district court's confirmation of an arbitration award, but review the district court's factual findings for clear error.  *White Spring Agric. Chems., Inc. v. Glawson Invs. Corp.*, 660 F.3d 1277, 1280 (11th Cir. 2011).

3

'arguably construing' the contract . . . a court may not correct his mistakes under § 10(a)(4)"). Rather, "[i]t is only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Stolt-Nielsen*, 559 U.S. at 671 (quotations and brackets omitted); *see also Sutter*, 133 S. Ct. at 2068 ("Under the FAA, courts may vacate an arbitrator's decision only in very unusual circumstances." (quotation omitted)).

Insight maintains the arbitrators exceeded their powers and rewrote the Agreement when they concluded that the primary reason for the Agreement was to provide "incentives and royalties that would inure to the benefit" of SNC, a finding central to the arbitrators' application of the commercial frustration doctrine. The third party beneficiary clause, however, prohibits the Agreement from being construed or interpreted to provide "any rights or remedies under or by reason of this Agreement" to any third party. In discussing the primary purpose of the Agreement, the arbitrators did not afford any rights or remedies under the contract to SNC. The arbitrators did not find that SNC or an affiliate could pursue any relief under the Agreement, that they could seek to enforce a term of the Agreement, or that they were entitled to payments under the Agreement. Insight is simply trying to obtain vacatur of the arbitration award by eliding the word "benefit" in the award with the word "beneficiary" in the Agreement, but there is

4

no basis for doing so.  Insight has failed to surmount the high hurdle necessary to obtain vacatur of the arbitration award under § 10(a)(4), and we therefore defer to the arbitrators' decision.  *See Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010) ("There is a presumption under the FAA that arbitration awards will be confirmed, and federal courts should defer to an arbitrator's decision whenever possible." (quotation omitted)).[2]

## II.  MOTION TO TRANSFER[3]

Insight contends the district court abused its discretion by declining to transfer its application to vacate the arbitration award back to the Eastern District of Virginia.  Insight argues the Virginia action was filed before the Georgia action to confirm the award and that the two cases involved different parties since Insight was a party only to the Virginia action.  Insight further maintains the district court's failure to transfer the case resulted in manifest injustice because it changed the substantive law applicable to the action.  We are unpersuaded.

---

[2] There is no merit to Insight's argument that the arbitration award should have been vacated because the arbitrators manifestly disregarded the law.  In this Circuit, manifest disregard of the law is no longer a valid basis for vacating an arbitration award.  *Frazier*, 604 F.3d at 1324.  Contrary to Insight's arguments, we are bound by the prior panel rule to follow the *Frazier* panel's conclusion that manifest disregard of the law did not survive the Supreme Court's decision in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008).  *See United States v. Whatley*, 719 F.3d 1206, 1216 (11th Cir. 2013); *Tucker v. Phyfer*, 819 F.2d 1030, 1035 n.7 (11th Cir. 1987) (noting that, had a prior panel considered two Supreme Court decisions, the later panel "would be bound by its interpretation and application of those decisions").

[3] We review the district court's decision declining to transfer a case for a clear abuse of discretion.  *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 255 (11th Cir. 1996) ("The district court's refusal to change venue will only be disturbed for a clear abuse of discretion.").

The federal change of venue statute provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Supreme Court has explained that "[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotation omitted). Nonetheless, "[t]he first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013). Thus, "where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Id.* (quotation and brackets omitted).

Southern Mills filed a complaint against Nunes in the Northern District of Georgia on October 15, 2010. Nunes then moved to compel arbitration, arguing that the pending arbitration with Insight involved the same issues as those in the lawsuit and that the same funds were at issue in both proceedings. Nunes further contended that Southern Mills could not "escape the arbitration clause [in the

6

Agreement] by repackaging its dispute as one between it and Insight's sole owner rather than one between it and Insight." The district court granted the motion to compel arbitration and stayed the proceedings, thereby "retain[ing] jurisdiction to confirm or vacate the resulting arbitration award under 9 U.S.C. §§ 9-10." *TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1297 (11th Cir. 1998). As such, the Georgia action remained pending and open at the time Insight filed its application to vacate the award in the Virginia district court on April 13, 2012. Consequently, the Georgia district court was the forum "initially seized of the controversy" and was the proper court to hear the case. *Collegiate Licensing Co.*, 713 F.3d at 78.

Insight cannot escape this result by arguing that it and Nunes—Insight's president and sole owner—are distinct parties. Nunes persuaded the district court of the opposite position in moving to compel arbitration, and the Appellants may not change their position "according to the exigencies of the moment." *See Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010) (quotation omitted).

Even if the Georgia action was not the first-filed case, transfer back to the Virginia district court was not warranted. Southern Mills' motion to confirm the arbitration award and Insight's application to vacate the award involved identical issues and overlapping parties, and Insight admits in its reply brief before this Court that, had its motion to retransfer been granted, both the Georgia and Virginia

actions would have continued separately.  By declining to fragment a case about a single arbitration award into two suits, the district court avoided multiplicitous proceedings and potentially conflicting judgments.  Such a decision was not an abuse of discretion.  *See Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").

Finally, the fact that Insight could not avail itself of the ground of manifest disregard of the law as a basis for vacating the arbitration award in this Circuit did not constitute manifest injustice.  We have held that "[a] transferee court is not required to apply the law of the transferor court when, as here, the transferee court interprets federal law."  *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1223 (11th Cir. 2008).  The district court's application of binding Eleventh Circuit precedent did not result in manifest injustice, and we decline to encourage unabashed forum shopping by holding otherwise.

### III.  CONCLUSION

For the foregoing reasons, the district court's judgment is **AFFIRMED**.

8